

FILED
JAN 15 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JARED LANE WISE

    Plaintiff

v.

GREGORY EDMONT DE LA DOUCETTE

    Defendant 1

EDMONT FOUNDATION

    Defendant 2

Case No. 4:26-cv-00050-JCB-JDL

**COMPLAINT FOR A CIVIL CASE**

1) Malicious Prosecution (Defendant 1)

2) Defamation (Defendant 1)

3) Unjust Enrichment (Defendants 1 and 2)

## PARTIES

1. Jared Lane Wise (Plaintiff) is a United States citizen residing in Washington, DC.

2. Gregory Edmont de la Doucette (Defendant 1), date of birth: XX/XX/1966, United States passport number: XXXXXX921, is a United States citizen and resident of Sulphur Springs, Texas.

3. Edmont Foundation (Defendant 2) is a Texas Non-Profit Corporation (Texas Department of State filing number 0806097142) founded on June 25, 2025 by Defendant 1 by completing Texas Department of State form "202" called "Certificate of Foundation – Nonprofit Corporation" (Attachment A).

4. On the publicly available 202 form for Defendant 2, Defendant 1 is listed as the "Registered Agent" and a "Director" for Defendant 2. Form 202 for Defendant 2 confirms that

Page 1 – **COMPLAINT**

Defendant 1 is an "individual resident" of the state of Texas, as required in order to serve as the "Registered Agent" for Defendant 2, and provides an address for Defendant 1 of 1813 FM 69 S, Sulphur Springs, TX, 75482. The same address is listed for Defendant 1 in his role as a "Director" of Defendant 2.

5. Form 202, which was signed by Defendant 1 under "penalty of perjury" and "subject to penalties imposed by law", confirmed that Defendant 1 in his role as "Registered Agent" has the "duty to maintain a physical address (1813 FM 69 S, Sulphur Springs, TX, 75482) in the state and to accept service of legal process on behalf of the organization".

6. The website for Defendant 2 (www.edmont.com) describes Defendant 1 as the "Founder" of Defendant 2, and clearly explains the purpose of its existence is to honor the life of Defendant 1's son. Defendant 1 is the "Founder", "Registered Agent" and "Director" for Defendant 2, meaning that Defendant 1 is in complete control of Defendant 2. A copy of the website for Defendant 2 was archived by the organization "archive.org" on November 12, 2025 at https://web.archive.org/web/20251112153651/https://edmont.com/

## BACKGROUND

7. In late 2020, Defendant 1 approached Plaintiff and proposed a joint investment in a physical real estate property located in France. Defendant 1 had known for several years that Plaintiff was interested in purchasing a property in France, as they have acquaintances for many years and have discussed this topic many times. Defendant 1 claimed the purchase price was €1,565,000 and they agreed that Plaintiff would purchase 10% by contributing €156,500.

8. Defendant 1 provided Plaintiff with a Power of Attorney document, allegedly drafted by Defendant 1's notaire, that gave Defendant 1 authority to purchase the property in

Plaintiff's name. Plaintiff signed the Power of Attorney and wired funds totaling $189,133.19 directly to Defendant 1, following instructions provided by Defendant 1, in order to complete the transaction. Plaintiff later learned that this Power of Attorney document was a forgery and simply part of Defendant 1's fraud scheme.

9. While Plaintiff thought he was entering a partnership and transaction in which he would own a minority share of the France property, in reality Defendant 1 engaged in a complicated fraud scheme, which included multiple forged documents, to defraud Plaintiff of his entire investment and any ownership position in the real estate property.

10. In August, 2021, Defendant 1 described a series of French corporations allegedly created and already "funded" by Defendant 1 that were owned jointly by Plaintiff and Defendant 1 and would be used to purchase the property for €1,565,000. Despite multiple requests from Plaintiff, Defendant 1 failed to provide documentation for the companies that were supposedly already in existence and "funded" with Plaintiff's money. Plaintiff learned later that these companies never existed.

11. In September, 2021, Defendant 1 secretly used Plaintiff's investment to purchase the property solely in Defendant 1's name for a price of €655,000 rather than the price of €1,565,000 which he had described to Plaintiff. Defendant 1 created multiple French corporations for the sole purpose of purchasing the property in his name alone and he hid the existence of these companies from Plaintiff. Meanwhile, Defendant 1 continued to tell Plaintiff that Plaintiff held an ownership position in the fake companies which Defendant 1 claimed purchased the property, and that Plaintiff's name was on the residential property deed, but these companies did not actually exist and Plaintiff owned nothing.

12. In October 2021, Plaintiff became concerned about his investment and began to investigate the property and the supposed French companies. He learned that the companies described by Defendant 1 did not exist, but he did find the similar companies owned only by Defendant that did purchase the property. Plaintiff then began to confront Defendant 1 about Plaintiff's fears that Defendant 1 had actually stolen Plaintiff's money and Plaintiff demanded documentation and an explanation.

13. In January, 2022, after realizing that Plaintiff was uncovering Defendant 1's crime against Plaintiff, Defendant 1 contacted the Federal Bureau of Investigation and provided false information about Plaintiff in the hope that this would help protect Defendant 1 from consequences of his own crime against Plaintiff.

14. The Federal Bureau of Investigation opened an investigation into Plaintiff based on the information provided by Defendant 1, and Plaintiff was arrested in May, 2023. The public criminal complaint that was used to charge Plaintiff credited information from Defendant 1 as the reason justifying the opening of the investigation against Plaintiff.

15. In September, 2024, Plaintiff won a civil judgment in France against Defendant 1 related to his fraud scheme to steal Plaintiff's investment in the France property. As part of that judgment, Plaintiff currently has a lien on the property and is in the process of seizing it through the French court system.

16. Plaintiff's trial on the United States federal criminal charges began on January 8, 2025 and included nearly a full day of his own testimony. Closing arguments in the trial finished late on the afternoon of January 17, 2025 and jury instructions were to begin on January 21, 2025.

17. On January 21, 2025, instead of jury instructions being given to the jury, the United States Department of Justice prosecutors requested that the court dismiss all charges against

Plaintiff with prejudice and the court promptly did so. Plaintiff faced no other charges and was never convicted of anything.

18. On June 25, 2025, Defendant 1 created Defendant 2 as a Texas Non-Profit Corporation in honor of his son. Defendant 1 signed Texas Department of State form 202 called "Certificate of Foundation – Nonprofit Corporation" and listed himself as the "Registered Agent" and "Director" of Defendant 2. On form 202, Defendant 1 affirmed under penalty of perjury that he is an "individual resident" of the state of Texas.

19. Defendant 2 purports to offer volunteers and individuals needing solace a place to stay in order to find "Connection", "Emotional Well-Being", "Community", "Spiritual Exploration" and "Sanctuary" among other services. The property in France is prominently displayed on the website of Defendant 2 as the location where it hosts guests and offers services. Defendant 2 uses the property in France - that Defendant 1 purchased via fraud with Plaintiff's investment and on which Plaintiff currently has a lien imposed by the French court - to offer its services and solicit "tax-deductible donations" while providing no benefit or compensation to Plaintiff. The website of Defendant 2 contains many "testimonials" of individuals who have allegedly stayed at the France property and received benefits from Defendant 2's services.

20. It is clear from the website of Defendant 2 that Defendant 2 is using property purchased with money stolen by Defendant 1 from Plaintiff in order to solicit donations and receive benefit. Given that Defendant 2 is completely controlled by, and essentially synonymous with, Defendant 1, Defendant 2 is knowingly using ill begotten assets purchased with Plaintiff's investment to raise money, and that Defendant 1 is also benefiting from Defendant 2's use of the property in his roles as "Founder", "Registered Agent" and "Director".

## JURISDICTION AND VENUE

21. This case is brought as a "malicious prosecution", "defamation" and "unjust enrichment" complaint in an amount greater than $75,000.00 and under a diversity jurisdiction provision, as the Plaintiff is a United States citizen and resident of Washington, DC, Defendant 1 is a United States citizen and resident of Sulphur Springs, Texas, and Defendant 2 is a Non-Profit Corporation of the state of Texas.

22. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 because Plaintiff is a United States citizen and current resident of Washington, DC, Defendant 1 is a United States citizen and resident of Sulphur Springs, Texas, and Defendant 2 is a Texas Non-Profit Corporation.

## ELEMENTS OF MALICIOUS PROSECUTION
### Applicable to Defendant 1 Only

23. **Institution of Criminal Proceedings:** Defendant 1 knowingly and intentionally provided false information about Plaintiff to the Federal Bureau of Investigation in January, 2022 that led directly to criminal charges against Plaintiff. Plaintiff was arrested by the Federal Bureau of Investigation in May, 2023. The criminal complaint supporting that arrest listed information from Defendant as the reason the criminal investigation into Plaintiff was opened.

24. **Lack of Probable Cause:** Plaintiff was charged with crimes that lacked sufficient probable cause, as evidenced by the fact that the government later moved to dismiss all charges with prejudice after a thorough investigation and complete trial. Important elements of the counts were completely missing from the evidence supplied at trial, and after all evidence and arguments were finished, including closing arguments, the government moved on their own to dismiss all counts with prejudice.

25.  **Malice:** Defendant 1 acted with malice towards Plaintiff when he contacted the Federal Bureau of Investigation and provided false information about Plaintiff. Defendant 1 did this only after Plaintiff began to understand the fraud scheme that Defendant 1 had used to steal Plaintiff's investment, Plaintiff began to confront Defendant 1, and Defendant 1 realized that his scheme was being uncovered. Defendant 1 then decided to contact the Federal Bureau of Investigation and provide false information in the hope that the government would charge Plaintiff and provide protection to Defendant 1 from his own crimes against Plaintiff. In September, 2024, Plaintiff won a civil lawsuit in France against Defendant 1 related to the fraud scheme, has a lien on the property, and is in the process of collecting on that judgment and seizing the property, which is evidence for the cause of Defendant 1's malice against Plaintiff. It is clear that the Defendant 1 acted with extreme malice against Plaintiff when Defendant 1 provided false information to the Federal Bureau of Investigation in hopes that it would cover up his own crimes against Plaintiff and protect him from any consequences of that crime.

26.  **Favorable Termination:** In January, 2021, after a complete criminal trial, the United States Department of Justice suddenly moved to dismiss all criminal charges against Plaintiff with prejudice. The court agreed and immediately dismissed all counts with prejudice without hesitation. These were the exact charges that directly resulted from the false information Defendant 1 provided to the Federal Bureau of Investigation. Plaintiff was never convicted of any crimes and faced no other charges.

27.  **Damages:** As a result of Defendant 1's actions, Plaintiff was subjected to an extensive, three-year long criminal investigation by the Federal Bureau of Investigation, criminally charged by the Department of Justice, suffered great reputational damages from extensive media coverage around the United States and world, lost numerous longtime friendships and

relationships, suffered permanent physical and emotional damages, barely slept for years, suffered great financial loss, was subjected to a complete federal criminal trial, and endured extreme general pain and suffering.

## ELEMENTS OF DEFAMATION

### Applicable to Defendant 1 Only

28. **False Statement of Fact:** Defendant 1 knowingly and intentionally provided false information about Plaintiff to the Federal Bureau of Investigation and other law enforcement.

29. **Publication to a Third Party:** Defendant 1 provided the false information directly to the Federal Bureau of Investigation and other law enforcement. Plaintiff's arrest and trial generated extensive media coverage around the United States and world seen by tens of millions of people.

30. **Fault (Malice):** Plaintiff was not a public figure, but the "malice" standard is easily met. Defendant 1 acted with malice when he knowingly and intentionally provided false information to the Federal Bureau of Investigation and other law enforcement agencies, because he did so to cover up his own crime against Plaintiff. Plaintiff was beginning to understand the fraud scheme Defendant 1 conducted and began to confront Defendant 1 about the theft, so Defendant 1 decided to make false accusations against Plaintiff in the hopes Defendant 1 would be protected from consequences of his own crime against Plaintiff. In September, 2024, Plaintiff won a civil lawsuit in France against Defendant 1 related to the fraud scheme, has a lien on the property, and is in the process of collecting on that judgment and seizing the property, which is evidence for the cause of Defendant 1's malice towards Plaintiff.

31. **Damages:** As a result of Defendant 1's actions, Plaintiff was subjected to an extensive, three-year long criminal investigation by the Federal Bureau of Investigation, criminally charged by the Department of Justice, suffered great reputational damages from extensive media coverage around the United States and world, lost lifelong friendships and relationships, suffered permanent physical and emotional damages, barely slept for years, suffered great financial loss, was subjected to a complete federal criminal trial, and endured extreme general pain and suffering.

## ELEMENTS OF UNJUST ENRICHMENT
### Applicable to Both Defendants 1 and 2

32. **Benefit Received:** Defendants 1 and 2 currently receive benefit from the improper use of the France property to host guests, provide services, and solicit donations. It is clear from the website of Defendant 2 that the property in France is at the center of the entire operations of the organization. In his role as founder and director, Defendant 1 also receives benefits via his personal use and exploitation of the property for enjoyment and financial gain.

33. **At Plaintiff's Expense:** Defendant 1 fraudulently obtained the property used by Defendants 1 and 2 via money he stole from Plaintiff. Plaintiff has a lien on the property following a court judgment in France but Plaintiff receives no payment or any other benefit from any operations or donations related to its use by Defendants 1 and 2. But for Plaintiff's money stolen by Defendant 1, Defendant 1 would not have been able to purchase the France property and it would not be available for use by Defendants 1 and 2.

34. **Unjust Retention:** It is against equity and good conscience for Defendants 1 and 2 to keep any benefit received from use of the France property without compensating Plaintiff for it. The property was purchased by Defendant 1 using money he stole from Plaintiff via a complex

fraud scheme, Plaintiff has won a judgment against Defendant 1 in France related to his fraud, and Plaintiff has a current lien in France against the property for the unpaid judgment by Defendant 1. Plaintiff has received no benefit at all from the property (he has not even able to visit or see the property) since it was fraudulently purchased by Defendant 1 in September, 2021, meanwhile both Defendants 1 and 2 have received significant personal and financial benefit from using the property knowingly obtained via fraud against Plaintiff.

35. **Absence of Contract:** There is no contract or any other agreement between Plaintiff and Defendants 1 and 2 regarding their use of the property which was purchased with money stolen from Plaintiff and on which Plaintiff has a court-imposed lien in France. Defendants 1 and 2 are knowingly using stolen property to personally and financially benefit at the expense of Plaintiff.

## FIRST CLAIM FOR RELIEF

### Malicious Prosecution (Applicable to Defendant 1 Only)

36. 1) A criminal investigation and criminal charges were brought against Plaintiff as a direct result of Defendant providing false information to the Federal Bureau of Investigation; (2) the charges lacked sufficient probable cause as evidenced by elements that were not met in trial and the United States Department of Justice moving to dismiss all counts with prejudice following the completion of the trial and before jury instructions were given; (3) the Defendant acted with malice as he provided the false information in effort to protect himself from his own crimes against Plaintiff; (4) Plaintiff received a favorable termination as the United States Department of Justice moved to dismiss all counts with prejudice, meaning Plaintiff was convicted of

nothing and faced no further charges, and; (5) Plaintiff suffered extensive damages as a direct result of Defendant's actions

## SECOND CLAIM FOR RELIEF

### Defamation (Applicable to Defendant 1 Only)

37. 1) The Defendant voluntarily and intentionally provided false information to the Federal Bureau of Investigation and other law enforcement; (2) the false information was given to third parties; (3) the Defendant acted with malice as he provided the false information in effort to protect himself from his own crimes against Plaintiff and; (4) Plaintiff suffered extensive damages as a direct result of Defendant's actions

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment (Applicable to Both Defendants 1 and 2)

38. 1) Defendants 1 and 2 are knowingly receiving improper financial and other benefit from the property which was purchased with money stolen from Plaintiff by Defendant 1; 2) The benefit is received at Plaintiff's expense as it was purchased with money stolen from Plaintiff by Defendant 1, Plaintiff has a financial lien on the property, and it is used by Defendants 1 and 2 without any compensation to Plaintiff; 3) It is unjust and against good conscience for Defendants 1 and 2 to keep the benefits without providing compensation to Plaintiff, as Defendant 1 would never have been able to purchase the property but for money he stole from Plaintiff and Plaintiff has a financial lien on the property, and; 4) Plaintiff has a lien on the France property and

there is no contract or agreement between Plaintiff and Defendants 1 and 2 which allows for the use of the property or for Defendants 1 and 2 to benefit from its use.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against the actions of Defendant 1:

1. Malicious Prosecution: Damages in the amount of $10,000,000.00 for reputational damage, financial loss, and pain and suffering due to Defendant 1's actions which were done with extraordinary malice.

2. Defamation: Damages in the amount of $10,000,000.00 for reputational damage, financial loss, and pain and suffering due to Defendant 1's actions which were done with extraordinary malice.

3. Unjust Enrichment: Damages in the amount of $500,000.00 for Defendant 1's improper benefit from use of the France property which he purchased via money he stole from Plaintiff.

WHEREFORE, Plaintiff prays for judgment and relief against the actions of Defendant 2:

1. Unjust Enrichment: Damages in the amount of $500,000.00 for improper benefit received from use of the France property which was purchased by Defendant 1 via money he stole from Plaintiff. Defendant 1 is the Founder, Director and Registered Agent for Defendant 2.

DATED this 14th day of January, 2026.

_____
Jared L. Wise, Pro Se