**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JARED LANE WISE,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  4:26-CV-00050-JCB** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GREGORY    EDMONT    DE    LA** | § | |
| **DOUCETTE,  EDMONT FOUNDATION,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On April 27, 2026, the court issued a show cause order, directing Plaintiff to provide proof of service as the time for service under Federal Rule of Civil Procedure 4(m) had passed. (Doc. No. 8.) Thereafter, on May 4, 2025, Plaintiff returned summonses that were allegedly served on Defendant Gregory Edmont De La Doucette and the registered agent for the Edmont Foundation. (Doc. No. 9.) The proof of service, however, indicates that in both instances, the complaint and summonses were "left [] on the porch by her door." *Id.* at 3, 6.

It is Plaintiff's burden to properly serve Defendants with summons and a copy of the complaint. Fed.R.Civ.P. 4(c)(1). When the defendant is an individual, Rule 4(e) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(e)(2). When the defendant is a corporation, Rule 4(h) provides for service in any manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to an officer, a managing or

1

general agent, or any other agent authorized by appointment or by law to receive service of process. Fed.R.Civ.P. 4(h)(1). Rule 4(e) also allows for service on an individual according to the law of the state in which the district court is located. Fed.R.Civ.P. 4(e)(1). Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex.R.Civ.P. 106(a).

Neither the Federal Rules nor Texas law provide for service to be executed by leaving a copy of the complaint and summons on a porch. Rather, the rules require that the documents be left with an *individual*. Under the Texas law, upon motion supported by affidavit, the court may authorize service by: (1) leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence. *See* Tex.R.Civ.P. 106(b). However, Plaintiff has not filed a motion for substitute service and has not provided the court with the requisite affidavit.[1] While substitute service may be reasonably effective to give notice in this case, it is not permissible under Texas law without first filing a motion and supporting affidavit with the court.

Accordingly, the court finds Plaintiff's returned summonses (Doc. No. 9) deficient. It is **ORDERED** that Plaintiff shall have **30 days** from the date of this order to either comply with the service requirements set forth under the Federal Rules or otherwise move for substitute service under Texas law. Failure to comply with this order and timely serve Defendants will result in the dismissal of this action.

**So ORDERED and SIGNED this 5th day of May, 2026.**

---

[1] The supporting affidavit must state "the location of the defe_____ bode or other place where the defendant can probably be found", an _____ e has been attempted but unsuccessful. See Tex. R. Civ. P. 106(b).

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2