**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **JARED LANE WISE,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.  4:26-CV-00050-JCB** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **GREGORY    EDMONT    DE    LA DOUCETTE,  EDMONT FOUNDATION,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Plaintiff Jared Wise filed this action on January 15, 2026, asserting claims of malicious prosecution, defamation, and unjust enrichment against Defendants Gregory de la Doucette and the Edmont Foundation. (Doc. No. 1.) Thereafter, summonses issued (Doc. No. 7), and Plaintiff returned summonses that were allegedly served on both Defendants. (Doc. No. 9.) The proof of service provided by Plaintiff, however, indicated that the complaint and summonses were "left [] on the porch by her door." *Id.* After reviewing Plaintiff's proof of service, the court concluded that Plaintiff had failed to comply with the service requirements set forth in the Federal Rules of Civil Procedure and ordered Plaintiff to either comply with the service requirements set forth under the Federal Rules or move for substitute service under Texas law within 30 days of the court's order. (Doc. No. 10.) Plaintiff then filed a motion for authorization of alternative service on June 1, 2026. (Doc. No. 12.) Defendant de la Doucette filed a response in opposition on June 2, 2026. (Doc. No. 13.)

Texas law provides that, upon motion supported by affidavit, the court may authorize service by: (1) leaving a copy of the citation and a copy of the petition with someone sixteen years

1

of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence. *See* Tex. R. Civ. P. 106(b). The supporting affidavit accompanying the motion must state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found", and the specific facts showing that traditional service has been attempted but unsuccessful. *See id.* While Plaintiff has filed a motion for substitute service, Plaintiff has not filed the required supporting affidavit. Without a supporting affidavit, this court cannot authorize substitute service. *See* Tex. R. Civ. P. 106(b).

Accordingly, Plaintiff's motion (Doc. No. 12) is **DENIED**. It is **ORDERED** that Plaintiff shall have **7 days** from the date of this order to refile his motion for substitute service with a supporting affidavit that complies with the Texas Rules of Civil Procedure. Failure to comply with this order will result in dismissal of this lawsuit.

**So ORDERED and SIGNED this 23rd day of June, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2