

**FILED**

JUN 2 9 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JARED LANE WISE

  Plaintiff

   v.

GREGORY EDMONT DE LA DOUCETTE

  Defendant 1

EDMONT FOUNDATION

  Defendant 2

Case No. 4:26-CV-00050-JCB-JDL

_____

## RESPONSE TO ORDER FROM COURT REGARDING ALTERNATIVE SERVICE

1. Jared Lane Wise (Plaintiff) submits this filing to request authorization from the Court for alternative service of summons upon Gregory Edmont de la Doucette (Defendant 1) and the Edmont Foundation (Defendant 2) in accordance with the State of Texas Rules of Civil Procedure Rule 106. This filing is made in response to the Court's order in ECF 14 to resubmit the request for alternative service originally made by Plaintiff in ECF 12.

2. This filing contains an affidavit (Attachment A) from Plaintiff signed under penalty of perjury to support Plaintiff's request for alternative service of summons on Defendants 1 and 2 in accordance with the State of Texas Rules of Civil Procedure Rule 106. Due to time and logistical constraints, Plaintiff did not have the affidavit notarized but signs and submits it under penalty of

Page 1 – **REQUEST FOR ALTERNATIVE SERVICE**

perjury and asks the court to accept it in this manner. If the Court prefers that it be notarized, Plaintiff asks for additional time to have it notarized and resubmitted to the Court.

3.      The Texas Department of State Form 202 for Defendant 2 (Attachment B), which was signed by Defendant 1 under penalty of perjury to be true, lists Defendant 1 as an "individual resident" of the State of Texas at the Sulphur Springs, TX personal address provided on the form. In addition to being the Founder and a Director of Defendant 2, Defendant 1 serves as the "Registered Agent" for Defendant 2 and certifies that he is available at the Sulphur Springs, TX address to accept service of summons for Defendant 2.

4.      Plaintiff retained ABC Process Service in Dallas, Texas to serve process on Defendants 1 and 2 at the Sulphur Springs, Texas address listed on the form 202 in accordance with the State of Texas Rules of Civil Procedure Rule 106 (a)(1). DeMarcus Wayne Hall, Jr. of ABC Process Service in Dallas, Texas attempted service at 1) 3:55 pm on March 26, 2026; 2) at 6:27 pm on March 26, 2026; and 3) at 5:10 pm on March 27, 2026. Plaintiff submitted the Proof of Service form (Attachment C) from DeMarcus Wayne Hall, Jr. in ECF 9.

5.      On the first attempt Defendant 1 was not at the residence and a woman (believed to be the sister of Defendant 1) answered the door. She claimed that Defendant 1 was in France but that she knew how to get a hold of him. Nobody answered the door on the second and third attempts and on the third attempt the process server left the documents at the door of the residence.

6.      According to the Texas Department of State website, Defendant 2 appears to have been terminated on February 11, 2026, just weeks after this lawsuit was filed on January 15, 2026 (Attachment D). Plaintiff believes that Defendant 1 became aware on February 3, 2026 of Plaintiff's knowledge of Defendant 1's claim of Texas residency and role as Registered Agent for

Page 2 – **REQUEST FOR ALTERNATIVE SERVICE**

Defendant 2, and that Defendant 1 immediately terminated Defendant 2 just eight days later in effort to avoid responsibility and accountability for the issues raised in this lawsuit.

7.    Plaintiff has filed a Notice of Appeal with the Ninth Circuit Court of Appeals related to Plaintiff's lawsuit against Defendant1 in federal court in the District of Oregon and is in the process of drafting the appeal.

8.    Defendant 1 is aware of this lawsuit as he entered filings in this matter in ECFs 11 and 13.

9.    Defendant 1 has made multiple, contradictory claims, including under penalty of perjury, regarding his residency in the last thirteen months.

10.    Plaintiff has not spoken with or seen Defendant 1 since October 2021 and does not know where Defendant 1 is currently located nor how to serve him in any manner other than email or the Sulphur Springs, Texas address listed on form 202.

## REQUEST FOR AUTHORIZATION OF ALTERNATIVE SERVICE

11.    Based on Plaintiff's proper effort to serve summons on Defendants 1 and 2 according to the State of Texas Rules of Civil Procedure Rule 106 (a)(1) at the Sulphur Springs, Texas address that Defendant 1 claimed as his personal residence and the location where he agreed to accept service on behalf of Defendant 2, Defendant 1's lack of presence at the Sulphur Springs, TX address on Form 202, Defendant 1's past history of evading service in legal matters related to Plaintiff as explained in ECF 12, the fact that Defendant 1 is already aware of this matter as evidenced by his submission of ECFs 11 and 13 where he provided an email address, Plaintiff's lack of knowledge of the current location of Defendant 1, and Plaintiff's belief that Defendant 1 is once again attempting to avoid service, including by terminating Defendant 2 soon after this

Page 3 – **REQUEST FOR ALTERNATIVE SERVICE**

lawsuit was filed, Plaintiff asks the court for authorization to serve summons via alternative methods including email or another method permitted by the court.

12.   Plaintiff is aware of multiple email addresses for Defendant 1 and has evidence that Defendant 1 is currently using several of them[1]. One of the emails is used by Defendant 1 in the other U.S. federal lawsuit described above to submit electronic filings and receive notices from the court and was also listed by Defendant 1 on ECF 11 in this matter, another email is listed on the website of Defendant 2 as a method of contact and is believed to be managed by Defendant 1, and others are believed by Plaintiff to have been recently used by Defendant 1.

13.   Plaintiff respectfully requests that for the reasons described above, the court allow Plaintiff, ABC Process Service in Dallas, Texas, or another professional service company to serve summons on Defendants 1 and 2 via email to Defendant 1 or an alternative method as preferred by the court, according to the State of Texas Rules of Civil Procedure Rule 106 (b).

DATED this 27th day of June, 2026.

s/Jared L. Wise

Jared L. Wise, Pro Se

---

[1] To protect the privacy of Defendant 1, Plaintiff does not list the individual email addresses in this filing but can provide them to the court if asked.

Page 4 – **REQUEST FOR ALTERNATIVE SERVICE**