**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JARED LANE WISE,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 4:26-CV-00050-JCB** |
| | § | |
| **v.** | § | |
| | § | |
| **GREGORY EDMONT DE LA DOUCETTE, EDMONT FOUNDATION,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Plaintiff Jared Wise filed this action on January 15, 2026, asserting claims of malicious prosecution, defamation, and unjust enrichment against Defendants Gregory de la Doucette and the Edmont Foundation. (Doc. No. 1.) Thereafter, summonses issued (Doc. No. 7), and on July 6, 2026 Plaintiff filed a motion for substitute service as to both Defendants. (Doc. No. 18.) Defendant de la Doucette has filed a response in opposition. (Doc. No. 19.) Upon consideration, Plaintiff's motion (Doc. No. 18) is **DENIED** without prejudice.

In the motion, Plaintiff provides that a personal process server, DeMarcus Wayne Hall, Jr. of ABC Process Service, has unsuccessfully attempted to serve both Defendants on three occasions during the month of March at Defendant de la Doucette's alleged "personal" address at 1813 FM 69 S, Sulphur Springs, Texas 75482. (Doc. No. 18, at 7.) Both Plaintiff and Defendant de la Doucette note that Defendant de la Doucette was the registered agent authorized to receive service for Defendant Edmont Foundation prior to the termination of the Edmont Foundation on February 11, 2026. (Doc. No. 18, at 1; Doc. No. 18-5, at 1; Doc. No. 19, at 4.) The aforementioned Sulphur Springs address was listed on Defendant Edmont Foundation's 2025 Certificate of Formation as

the address where Defendant de la Doucette could be served as Defendant Edmont Foundation's registered agent. (Doc. No. 18-2, at 1.) Because of this, Plaintiff directed Mr. Hall to serve both Defendants at this Sulphur Springs address. Plaintiff has submitted an affidavit from Mr. Hall regarding his attempts at service. (Doc. No. 18-6.)

Specifically, Mr. Hall submitted an affidavit stating that on March 26, 2026 at 3:55 PM he arrived at the Sulphur Springs address and spoke to a woman who answered the door. *Id.* at 2. Mr. Hall states that he told the woman that he was looking for Defendant de la Doucette and asked if she knew where he was located. *Id.* The woman said Defendant was located in France but she knew how to get in touch with him. *Id.* Mr. Hall then left his business card with the woman and took a picture of the license plate of the car onsite for "further skip tracing and ownership information." *Id.* On March 26, 2026 at 6:27 PM, Mr. Hall returned to the property but was unable to make contact with anyone. *Id.* On March 26, 2026 at 6:36 PM, Mr. Hall returned to the property for a third time that day, and again was unable to speak with or see anyone there. *Id.* at 2–3. On March 27, 2026, Mr. Hall claims that he successfully served Defendants by leaving the summonses and copy of the complaint on the porch of the property near the door, and he notes that the woman he had met before did not come to the door and had moved her car since his last attempt. *Id.* at 3. The court later concluded that this attempt to serve both Defendants was insufficient under the Federal Rules of Civil Procedure. (Doc. No. 10.)

As a result of the four failed attempts at service, Plaintiff has filed the instant motion requesting that the court grant substitute service as to both Defendants by allowing Plaintiff to deliver the summonses and complaint "via alternative methods including email, posting notice in the local newspaper, dropping the documents at the Sulphur Springs, Texas address, or another method permitted by the court." (Doc. No. 18, at 8.) It is Plaintiff's burden to properly serve each

Defendant with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When the defendant is an individual, Federal Rule of Civil Procedure 4(e) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Rule 4(e) also allows for service on an individual according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). When the defendant is a corporation, Rule 4(h) allows service to be effected in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and the complaint to an officer, managing or general agent, or another agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(h)(1).

Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex. R. Civ. P. 106(a). Upon motion supported by affidavit, the court may authorize service by: (1) leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit; or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence. *See* Tex. R. Civ. P. 106(b). The supporting affidavit must state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found", and the specific facts showing that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b). If a plaintiff fails to provide a location where the defendant can "probably be found," the court cannot authorize substitute service under Rule 106(b). *See id.*

Here, Plaintiff has not demonstrated that Defendant de la Doucette can probably be found at the 1813 FM 69 S, Sulphur Springs, Texas 75482 address. As an initial matter, Plaintiff does not state in his motion or affidavit that the aforementioned address is "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *See* Tex. R. Civ. P. 106(b); (*see also* Doc. No. 18, at 8; Doc. No. 18-1, at 2). Plaintiff does claim that the 2025 Certification Form for Defendant Edmont Foundation lists the Sulphur Springs address as Defendant de la Doucette's "personal" address, but Plaintiff ultimately states in both his motion and in his affidavit that he "does not know where Defendant [de la Doucette] is currently located." (Doc. No. 18, at 8; Doc. No. 18-1, at 2.) Further, when Mr. Hall attempted to serve Defendants at the Sulphur Springs address, the woman who spoke to Mr. Hall, who both Plaintiff and Defendant de la Doucette have now identified as Sandra Billodeau, told Mr. Hall that Defendant de la Doucette was in France. (Doc. No. 18-6, at 2.) Ms. Billodeau has also since submitted a sworn declaration stating that Defendant de la Doucette does not reside at the Sulphur Springs address in question, has never resided at that address, and was in France when service was attempted. (Doc. No. 20-1, at 1.) As such, the record before the court does not establish that the Sulphur Springs address is a place where Defendant de la Doucette can "probably be found." *See* Tex. R. Civ. P. 106(b). Plaintiff has thus failed to make the showing required by Rule 106(b) for this court to authorize substitute service as to either Defendant under Texas law. *See id.*

Because Defendant de la Doucette claims he is permanently residing outside of the United States, Plaintiff must attempt to effect service on him in accordance with Federal Rule of Civil Procedure 4(f). Rule 4(f) authorizes the service of process of an individual not within any judicial district of the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3). As noted in Rule 4(f)(1), the International Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters—also known as the "Hague Convention"—is an international treaty governing the service abroad of foreign defendants. 20 U.S.T. 362, T.I.A.S. 6638, Art. 1. If the Hague Convention procedures apply, then the procedures are mandatory if the place of service makes them available. *Whirlpool Corp. v. Shenzhen Lujian Tech. Co.*, No. 2:21-CV-397-JRG, 2022 WL 329880, at *2 (E.D. Tex. Feb. 2, 2022) (quoting *RPost Holdings, Inc. v. Kagan*, No. 2:11-cv-238, 2012 WL 194388, at *1 (E.D. Tex. Jan. 23, 2012)). If, however, a foreign defendant's address is unknown or the method of serving process does not involve "the transmittal of documents abroad," the Hague Convention does not apply. *RPost*, 2012 WL 194388, at *1 (quoting *Gramercy Ins. Co. v. Kavanagh*, No. 3:10-

CV-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011)); *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990).

Here, both the United States and France are signatories to the Hague Convention. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005). Additionally, Plaintiff's requested form of service requires the transmittal of documents abroad because Plaintiff must send a copy of the complaint and summons to Defendant de la Doucette. Thus, unless Defendant de la Doucette's physical address is unknown and unattainable, the Hague Convention applies, and Plaintiff should attempt service through France's Central Authority or other permissible means permitted by the Hague Convention. *See Touchpoint Projection Innovations, LLC v. CDNetworks Co.*, No. 2:23-cv-233-JRG, 2024 WL 4028034, at *3–4 (E.D. Tex. Aug. 30, 2024). If Plaintiff cannot obtain Defendant de la Doucette's physical address after diligently attempting to locate it, then Defendant may move for service by other means under Rule 4(f)(3). *See, e.g., Viahart, LLC v. Does 1–54*, No. 6:18-CV-604-RWS, 2019 WL 2127307, at *4 (E.D. Tex. May 15, 2019) ("Without a more diligent effort to determine Defendants' physical addresses, the Court is not persuaded that all 73 named Defendants' addresses are not known or obtainable."); *but see RPost Holdings, Inc.*, 2012 WL 194388, at *2 (noting the plaintiff "reasonably worked to comply with the Hague Convention" and attempted to determine the defendant's address prior to finding the Hague Convention inapplicable).

As to service on Defendant Edmont Corporation, Plaintiff must either attempt to deliver a copy of the commons and complaint to another individual residing in the United States who authorized to receive service on behalf of Defendant Edmont Corporation under Rule 4(h), or Plaintiff must attempt to deliver a copy of the summons and the complaint to Defendant de la Doucette using the procedures outlined in Rule 4(f). *See* Fed. R. Civ. P. 4(h). If Plaintiff cannot

complete service after diligently attempting to do so, he may again move for substitute service under Texas Rule of Civil Procedure 106(b) or Rule 4(f)(3). Further, the Texas Business Organizations Code provides that a terminated corporation "continues in existence until the third anniversary of the effective date of the entity's termination only for purposes of:…prosecuting or defending in the terminated filing entity's name an action or proceeding brought by or against the terminated entity." Tex. Bus. Orgs. Code § 11.356(a)(1). As such, Defendant Edmont Corporation's recent termination does not alter Plaintiff's burden to properly serve Defendant Edmont Corporation or the methods Plaintiff may use to complete service. *See id.*

Accordingly, Plaintiff's motion for substitute service (Doc. No. 18) is **DENIED** without prejudice. It is further **ORDERED** that Plaintiff shall have **120 days** from the date of this order to complete service as stated herein or file a motion for substitute service.

**So ORDERED and SIGNED this 10th day of July, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE